UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CV1423 |
| | ) | 1:11CR12 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| PERRY AVERY, JR, | ) | |
| DEFENDANT. | ) | |

On June 10, 2016, defendant Perry Avery, Jr. ("defendant" or "Avery") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 826 ["Mot."].)[1] Avery argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id*. at 2556-57. In his motion to vacate his sentence, defendant argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level.

On August 29, 2016, after the matter was fully briefed, the Court stayed the case pending a ruling from the United States Supreme Court in *Beckles v. United States*, No. 15-8544. On

---
[1] The United States of America filed a response in opposition to the motion. (Doc. No. 839.)

March 6, 2017, the Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id.* at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied.[2] Additionally, defendant's motion for the appointment of counsel to assist in the prosecution of his § 2255 motion (Doc. No. 825) is denied as moot.[3]

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 826) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The present § 2255 motion is also denied as time-barred. On June 28, 2011, pursuant to a plea agreement, defendant pleaded guilty to the crime of conspiracy to distribute heroin in Count 1 of the indictment. On September 13, 2011, defendant was sentenced by this Court to a term of imprisonment of 24 months. Defendant did not appeal his sentence. Defendant's motion to vacate was not filed until June 10, 2016 and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).

[3] In anticipation of the Court's ruling on his motion to appoint counsel, the Officer of the Federal Public Defender filed the present § 2255 motion on defendant's behalf. The motion to appoint counsel (Doc. No. 825) is granted retroactively to cover any proceedings that have already occurred in this case, but not for any further proceedings in this case or on appeal.