# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR12 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| PERRY AVERY, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Perry Avery, Jr. ("Avery") for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. 1087 ["Rule 60(b) Mot."]). The government opposes the motion (Doc. No. 1088 ["Resp."]), and Avery has filed a reply (Doc. No. 1091 ["Reply"]).

On March 31, 2017, the Court denied Avery's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 889 (Memorandum Opinion ["MO"]); Doc. No. 890 (Judgment Entry ["JE"]).) In his § 2255 motion, Avery argued that the Supreme Court's decision in *Johnson* invaliding the "residual clause" of the Armed Career Criminal Act ("ACCA"), should apply with equal force to a similar provision in the United States Sentencing Guidelines relied upon by this Court to sentence defendant as a career offender—U.S.S.G. § 4B1.2(a). (Doc. No. 826 (Motion to Vacate ["§ 2255 Mot."]) at 4066–68[1] (citing *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)).) In denying the motion to vacate, the Court ruled

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

that the Supreme Court's decision in *Beckles v. United States*, --U.S.--, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), foreclosed Avery's motion because it distinguished the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. (MO at 4312.) The Court also ruled that, without retroactive application of the ruling in *Johnson*, Avery's motion was untimely. (*Id.* at 4312 n.2 (citing 28 U.S.C. § 2255(f).)

Avery now seeks reconsideration of this Court's ruling under Fed. R. Civ. P. 60(b). Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b); *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) Asserting mistake, Avery argues that this Court erred when it denied his motion to vacate without separately finding that his Ohio conviction for burglary no longer qualified as a career offender predicate offense under *Johnson, supra*. (Rule 60(b) Mot. at 5076–77.) He underscores that "when [he] filed his § 2255 motion, the Sixth Circuit had just held that U.S.S.G. § 4B1.2(a)(2)'s 'residual clause' was unconstitutionally vague." (*Id.* at 5078 (citing *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016)).

Avery misunderstands both the nature of the Court's ruling and its application of binding Supreme Court precedent. *Pawlak*, the Sixth Circuit decision relied upon by Avery, was specifically abrogated by *Beckles*. *See Beckles*, 137 S. Ct. at 892 n.2. In *Beckles*, the Supreme Court ruled that, given the discretionary nature of the Sentencing Guidelines, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) is therefore not void for vagueness." *Beckles*, 137 S. Ct. at 892. The Court did not

2

misapply binding Supreme Court precedent that foreclosed Avery's argument that § 4B1.2(a) is unconstitutionally vague.

Notwithstanding the ruling in *Beckles*, Avery argues that he is still entitled to relief from his conviction and sentence because the Ohio burglary statute no longer qualifies as a crime of violence under either the force clause or the enumerated offense clause. (Reply at 5096.) He maintains that, "[w]hile *Johnson* relief in the context of the ACCA is unavailable to [him], *Pawlak's* retroactive analysis regarding the § 4B1.2 residual language being 'vague' may be relied upon for purposes of a motion pursuant to Rule 15(c)[.]" (Reply at 5097.)

Again, Avery misapprehends the Court's prior ruling. While a challenge to an ACCA sentence would have been timely, Avery's challenge to the Court's career offender sentence under the Sentencing Guidelines is not timely. The Supreme Court's decision in *Beckles* disposed of the retroactivity issue presented in Avery's motion when it abrogated *Pawlak* and ruled that *Johnson* could not be used to invalidate a Sentencing Guidelines' sentence. *Beckles*, 137 S. Ct. at 892. Without access to *Johnson*, Avery's § 2255 motion—filed more than four years after his sentence—was untimely and the Court so held. (MO at 4312 n.2, citing 28 U.S.C. § 2255(f).)

Accordingly, Avery's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: November 15, 2019

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Sara Lioi
　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**